UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
Wilmington DIVISION

Fill in this information to identify your case:

Debtor 1: Joann R Willis
First Name   Middle Name   Last Name

Debtor 2 (Spouse, if filing):
First Name   Middle Name   Last Name

Case number: 5:25-bk-1234-DMW
(If known)

☒ Check if this is an amended plan and list below the sections of the plan that have been changed.
2.1, 2.3, 3.2

# CHAPTER 13 PLAN

## Part 1: Notices

**Definitions:** Definitions of several terms used in this Plan appear online at https://www.nceb.uscourts.gov/local-forms under the heading "Chapter 13 Plan Definitions." These definitions also are published in the Administrative Guide to Practice and Procedure for the United States Bankruptcy Court for the Eastern District of North Carolina.

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated if the plan is confirmed.** You should read this plan carefully and discuss it with your attorney if you have an attorney in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the United States Bankruptcy Court for the Eastern District of North Carolina ("Court"). **The Court may confirm this plan without further notice if no objection to confirmation is filed.** In addition, you may need to file a timely proof of claim in order to be paid under any confirmed plan.

Only allowed claims will receive a distribution from the Trustee, and all payments made to creditors by the Trustee shall be made in accordance with the Trustee's customary distribution process. When required, pre-confirmation adequate protection payments shall be paid in accordance with Local Rule 3070-1(c). Unless otherwise ordered by the Court, creditors not entitled to adequate protection payment will receive no disbursements from the Trustee until after the plan is confirmed.

The following matters may be of particular importance to you. **_Debtors must check one box on each line of §§ 1.1, 1.2, and 1.3, below, to state whether or not the plan includes provisions related to each item listed._** If an item is checked "Not Included," or if neither box is checked, or if both boxes are checked, the provision will not be effective, even if set out later in the plan.

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.3, which may result in a secured claim being treated as only partially secured or wholly unsecured. This could result in the secured creditor receiving only partial payment, or no payment at all. | ☐ Included | ☒ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.5. | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☒ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** The Debtor(s) shall make regular payments to the Trustee as follows:
  $ 118.00  per  Month  for  4  months
  $ 243.00  per  Month  for  4  months
  $ 350.00  per  Month  for  52  months

*(Insert additional line(s), if needed.)*

| Debtor | Joann R Willis | Case number | 5:25-bk-1234 |
|---|---|---|---|

**2.2 Additional payments.** (*Check one.*)
☒ **None.** (*If "None" is checked, the rest of this section need not be completed or reproduced*)

**2.3** The total amount of estimated payments to the Trustee is $ __19,644.00__ .

**2.4 Adjustments to the Payment Schedule/Base Plan** (*Check one*).

☐ None.

☒ **Confirmation of this plan shall not prevent an adjustment to the plan payment schedule or plan base.** The Trustee or the Debtor(s) may seek to modify the plan payment schedule and/or plan base within 60 days after the governmental bar date to accommodate secured or priority claims treated in Parts 3 or 4 of this Plan. This provision shall not preclude the Debtor or the Trustee from opposing modification after confirmation on any other basis.

**2.5 Applicable Commitment Period, Projected Disposable Income, and "Liquidation Test."**
The Applicable Commitment Period of the Debtor(s) is __36__ months, and the projected disposable income of the Debtor(s), as referenced to in 11 U.S.C. § 1325(b)(1)(B), is $ __0.00__ per month. The chapter 7 "liquidation value" of the estate of the Debtor(s), as referenced in 11 U.S.C. § 1325(a)(4), refers to the amount that is estimated to be paid to holders of non-priority unsecured claims. In this case, this amount is $ __0.00__

## Part 3: Treatment of Secured Claims

**3.1 Lien Retention.**
The holder of each allowed secured claim provided for below will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of:
   **(a)** payment of the underlying debt determined under nonbankruptcy law, or
   **(b)** discharge of the Debtor(s) under 11 U.S.C. § 1328.

**3.2 Maintenance of Payments and Cure of Default (if any)** (*Check one.*)
☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
☒ The current contractual installment payments will be maintained on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the Trustee ("Conduit") or directly by the Debtor(s), as specified below. Any arrearage listed for a claim below will be paid in full through disbursements by the Trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a timely filed proof of claim, the amounts stated below are controlling as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the Court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be paid by the plan.

| Creditor Name | Collateral | Current Installment Payment (including escrow) | Arrears Owed (if any) | Interest Rate on Arrearage (if appliable) |
|---|---|---|---|---|
| Rocket Mortgage, LLC | 307 W Westbrook St, Wallace, NC 28466 Duplin County KEEPING, $982.90/MOValuation: Duplin County Tax Assessed Value | $992.49 To be disbursed by: ☐ Trustee ☒ Debtor(s) | $5,324.16 | 0.00% |

*Insert additional claims as needed.*

☐ **Other.** *(Check all that apply, and explain.)* The Debtor(s):
   **(a)** ☐   do intend to seek a mortgage modification with respect to the following loan(s) listed above:
   _____

   **(b)** ☒   do not intend to seek mortgage loan modification of any of the mortgage loans listed above;

   **(c)** ☐   intend to: ____

**3.3 Request for Valuation of Security and Modification of Undersecured Claims.** *(Check one)*

☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Claims Excluded from 11 U.S.C. § 506(a).** *(check one)*

| Debtor | Joann R Willis | Case number | 5:25-bk-1234 |
|---|---|---|---|

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

The claims listed below:
(1) were incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s) ("910 Claims);
(2) were incurred within 1 year of the petition date and are secured by a purchase money security interest in any other thing of value ("1-Year Claims"), or
(3) are debts the Debtor(s) otherwise propose to pay in full ("Other Claims").

These claims will be paid in full by the Trustee, with interest at the rate stated below. Unless otherwise ordered by the Court, the amount of the creditor's claim listed on its proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary claim amount listed below. In the absence of a timely filed proof of claim, the claim amount stated below is controlling. Secured creditors entitled to pre-confirmation adequate protection payments will receive the same pursuant to E.D.N.C. LBR 3070-1(c).

| Creditor Name | Collateral (if any) | Amount of Claim | Interest Rate | *Basis* (910 Claim/ 1-Year/ Other Claim) |
|---|---|---|---|---|
| Time Financing Service | 307 W Westbrook St, Wallace, NC 28466 Duplin County KEEPING, $982.90/MOValuation: Duplin County Tax Assessed Value | $4,593.03 | 9.50% | 910 Claim |

*Insert additional claims as needed.*

3.5 **Avoidance of Judicial Liens or Nonpossessory, Nonpurchase-Money Security Interests.** *(Check one)*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

3.6 **Surrender of Collateral.** *(Check one.)*
☒ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

**Part 4:   Treatment of Fees and Priority Claims**

4.1 **General Treatment:** Unless otherwise indicated in this Part or in **Part 8, Nonstandard Plan Provisions,** the Trustee's fees and all allowed priority claims, will be paid in full without interest through Trustee disbursements under the plan.

4.2 **Trustee's Fees:** Trustee's fees are governed by statute and orders entered by the Court and may change during the course of the case. The Trustee's fees are estimated to be __7.50__% of amounts disbursed by the Trustee under the plan and are estimated to total $__1,473.32__.

4.3 **Debtor(s)' Attorney's Fees.** *(Check one below, as appropriate.)*
☒ Debtor(s)' attorney has agreed to accept as a base fee $__6,500.00__, of which $__82.00__ was paid prior to filing. The Debtor(s)' attorney requests that the balance of $__6,418.00__ be paid through the plan.

☐ The Debtor(s)' attorney intends to apply or has applied to the Court for compensation for services on a "time and expense" basis, as provided in Local Rule 2016-1(a)(7). The attorney estimates that the total amount of compensation that will be sought is $____, of which $____ was paid prior to filing. The Debtor(s)' attorney requests that the estimated balance of $____ be paid through the plan.

4.4 **Domestic Support Obligations ("DSO's").** *(Check all that apply.)*

☒ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

4.5 **Priority Claims Other than Attorney's Fees and Those Treated in Section 4.4**
☒ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**Part 5:   Unsecured Non-priority Claims**

5.1 **General Treatment.** After confirmation of a plan, holders of allowed, non-priority unsecured claims that are not specially classified in § 5.2 below, will receive a *pro rata* distribution with other holders of allowed, non- priority unsecured claims from the higher of either the disposable income of the Debtor(s) over the applicable commitment period or liquidation test (see paragraph 2.5). Payments will commence after payment to the holders of allowed secured, arrearage, unsecured priority, administrative, specially classified unsecured claims, and the Trustee's fees.

| Debtor | Joann R Willis | Case number | 5:25-bk-1234 |
|---|---|---|---|

Except as may be required by the "disposable income" or "liquidation" tests, or as may otherwise be specifically set forth in this Plan, <u>no specific distribution</u> to general unsecured creditors is guaranteed under this Plan, and the distribution to such creditors may change depending on the valuation of secured claims (including arrears) and/or the amounts which will be paid to holders of priority unsecured claims under this Plan, both of which may differ from the treatment set forth in Parts 3 and 4 of this Plan based on claims filed by secured and priority creditors, or based on further orders of the Court.

**5.2  Co-Debtor and Other Specially Classified Unsecured Claims.** *(Check one.)*
☒ **None.** *If "None" is checked, the rest of Part 5 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are to be treated as specified.  All other executory contracts and unexpired leases are rejected. Allowed claims arising from the rejection of executory contracts or unexpired leases shall be treated as unsecured non-priority claims under Part 5 of this Plan, unless otherwise ordered by the Court.  *(Check one.)*

☐ **None.** *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*
☒ The executory contracts and unexpired leases listed below will be assumed ("A") or rejected ("R"), as specified below.

If assumed, post-petition installment payments on the claims listed below will be paid directly by the Debtor(s) according to the terms of the underlying contract.  Any pre-petition arrears listed on an assumed executory contract/unexpired lease will be cured by payments disbursed by the trustee over the "Term of Cure" indicated, with interest (if any) at the rate stated.

| Lessor/Creditor Name | Subject of Lease/Contract | A or R | Pre-petition Arrears to be Cured (if any) | Interest Rate On Arrears | Term of Cure (# of mos.) | Current Monthly Payment | Contract or Lease Ends (mm/yyyy) |
|---|---|---|---|---|---|---|---|
| US Cellular | Cellphone contract - $44/MO | A | $0.00 | 0.00% | 0 | $0.00 | |

*Insert additional leases or contracts, as needed.*

### Part 7: Miscellaneous Provisions

**7.1  Vesting of Property of the Bankruptcy Estate:** *(Check one.)*
Property of the estate will vest in the Debtor(s) upon:
☒ plan confirmation.
☐ discharge
☐ other: _____

**7.2  Use, Sale, or Lease of Property:** The use of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

**7.3  Rights of the Debtor(s) and Trustee to Object to Claims:** Confirmation of the plan shall not prejudice the right of the Debtor(s) or Trustee to object to any claim.

**7.4  Rights of the Debtor(s) and Trustee to Avoid Liens and Recover Transfers:** Confirmation of the plan shall not prejudice any rights the Trustee or Debtor(s) may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

### Part 8: Nonstandard Plan Provisions

**8.1  Check "None" or List Nonstandard Plan Provisions.**

☒ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9: Signatures

**9.1  Signatures of Debtor(s) and Debtor(s)' Attorney**

**If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s)' signatures are optional.  The attorney for Debtor(s), if any, must sign below.**

X  /s/ Joann R Willis                                        X  _____
   Joann R Willis                                                 Signature of Debtor 2

| Debtor | Joann R Willis | Case number | 5:25-bk-1234 |
|---|---|---|---|

Signature of Debtor 1

Executed on    November 21, 2025                    Executed on    _____

**By signing and filing this document, the Debtor(s) certify that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.**

X    /s/ Christian B. Felden                    Date    November 21, 2025
    Christian B. Felden                                    MM/DD/YYYY
    Signature of Attorney for Debtor(s)

**If this document is also signed and filed by an Attorney for Debtor(s), the Attorney also certifies, that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.**

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served upon S. Troy Staley, Chapter 13 Trustee this 23rd day of November 2025, by electronic mail; and by electronic and/regular US Mail to all the credit reporting agencies listed on the notice.

/s/Christian B. Felden_____
Attorney for Debtor
NC State Bar No. 37438
Felden and Felden, P.A.
PO Box 1399
Jacksonville, North Carolina 28541
(910) 777-5464
(888) 808-9991 fax

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0417-5<br>Case 25-01234-5-DMW<br>Eastern District of North Carolina<br>Raleigh<br>Sun Nov 23 17:00:30 EST 2025 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | Time Investment Corporation t/a Time Financi<br>PO Box 398<br>Mount Olive, NC 28365-0398 |
| U. S. Bankruptcy Court<br>300 Fayetteville Street, 4th Floor<br>P.O. Box 791<br>Raleigh, NC 27602-0791 | Capital One<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Elan Financial/Centris FCU<br>PO Box 790408<br>Saint Louis, MO 63179-0408 |
| Eudora F. S. Arthur<br>555 Fayetteville Street<br>Suite 1100<br>Raleigh, NC 27601-3034 | OneMain Financial<br>132 Racine Dr, Ste 5<br>Wilmington, NC 28403-1962 | OneMain Financial Group, LLC<br>PO Box 3251<br>Evansville, IN 47731-3251 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | REGIONAL MANAGEMENT CORPORATION<br>979 BATESVILLE ROAD SUITE B<br>GREER, SC 29651-6819 | Regional Finance<br>2316 S 17th St, Ste 120<br>Wilmington, NC 28401-7913 |
| Rocket Mortgage, LLC<br>PO Box 6577<br>Carol Stream, IL 60197-6577 | Rocket Mortgage, LLC f/k/a Quicken Loans, LL<br>635 Woodward Avenue<br>Detroit, MI 48226-3408 | Time Financing Service<br>1362 N Norwood St<br>Wallace, NC 28466-1332 |
| Time Investment Corporation<br>t/a Time Financing Service<br>PO Drawer 1747<br>Mount Olive, NC 28365 | U.S. Bank NA dba Elan Financial Services<br>Bankruptcy Department<br>PO Box 108<br>Saint Louis MO 63166-0108 | US Cellular<br>Dept 0205<br>Palatine, IL 60055-0001 |
| United Bank<br>c/o Eudora F. S. Arthur<br>555 Fayetteville Street<br>Suite 1100<br>Raleigh, NC 27601-3034 | United Bankcard<br>PO Box 393<br>Charleston, WV 25322-0393 | (p)WILLIAM F  HILL<br>ATTN HOLSCHER EDWARDS & HILL P A<br>PO DRAWER 1747<br>WASHINGTON NC 27889-1747 |
| Christian Bennett Felden<br>Felden and Felden, P.A.<br>P.O. Box 1399<br>Jacksonville, NC 28541-1399 | Joann R Willis<br>307 W Westbrook St<br>Wallace, NC 28466-1715 | Troy Staley<br>PO Box 1618<br>New Bern, NC 28563-1618 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Jefferson Capital Systems LLC<br>Po Box 7999<br>St. Cloud, MN 56302-9617 | (d)Jefferson Capital Systems LLC<br>PO BOX 7999<br>St. Cloud, MN 56302-9617 | PORTFOLIO RECOVERY ASSOCIATES, LLC<br>POB 41067<br>Norfolk, VA 23541 |

William F. Hill
Holscher, Edwards & Hill, P.A.
PO Drawer 1747
Washington, NC 27889

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Rocket Mortgage, LLC

End of Label Matrix
Mailable recipients    23
Bypassed recipients     1
Total                  24